UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:

                                                               Case No. 9:10-bk-12289-FMD

Esther C. Stillwaggon,                      Chapter 7

      Debtor.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING TRUSTEE'S MOTION TO DETERMINE THAT PROPERTY
ACQUIRED POST-PETITION IS PROPERTY OF THE BANKRUPTCY ESTATE**

The Debtor's mother passed away almost a year after the Debtor filed her Chapter 13 bankruptcy case. When the Chapter 13 Trustee learned that the Debtor had received an inheritance upon her mother's death, the Debtor converted her case to a case under Chapter 7. The Chapter 7 Trustee seeks a determination that the Debtor's conversion to Chapter 7 was in bad faith, such that under 11 U.S.C. § 348(f)(2),[1] real property that the Debtor purchased with proceeds of her inheritance constitutes property of the Debtor's Chapter 7 bankruptcy estate. For the reasons that follow, the Court concludes that the Debtor did not convert her case from Chapter 13 to Chapter 7 in bad faith and, therefore, the inheritance and the real property are not included in her Chapter 7 estate.

**Facts**

The Debtor filed a Chapter 13 bankruptcy petition on May 24, 2010. In January 2011, the Debtor's mother began experiencing health problems. She passed away, unexpectedly, in March 2011. The Debtor testified that while she was aware that she and her siblings would share in an inheritance upon their mother's death, on the petition date, she had no reason to expect that her

---

[1] Unless otherwise stated, all statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

mother would pass away in the near future. The Debtor acknowledged that she did not inform either her attorney or the Chapter 13 Trustee of her expected inheritance when her mother passed away.

In April 2011, the Court confirmed the Debtor's Chapter 13 plan, requiring the Debtor to make monthly payments of $112.00 for 36 months.[2] In September 2012, the Debtor received $57,800.00 as her share of her mother's estate (the "Inheritance"). Again, the Debtor did not inform either her attorney or the Chapter 13 Trustee that she had received the Inheritance. She testified that she did not disclose her receipt of the Inheritance because she did not believe such a disclosure was required.

Thereafter, when the Chapter 13 Trustee learned that the Debtor had received the Inheritance,[3] he filed a *Motion to Modify Confirmed Plan* asserting that the Inheritance was property of the estate under § 1306(a)(1).[4] In response, the Debtor filed a *Motion to Approve Compromise or Settlement* (the "Motion to Compromise"), in which the Debtor sought to retain the Inheritance and use the proceeds to pay for various expenses.[5] A preliminary hearing on the Motion to Compromise, which the Chapter 13 Trustee opposed,[6] was conducted on January 24, 2013, and continued to April 25, 2013.[7] But on February 5, 2013, the Debtor filed a motion to convert her Chapter 13 case to a case under Chapter 7.[8] At the time of conversion, the Debtor had made 34 plan payments and had only two payments remaining.

Meanwhile, on January 27, 2013, the Debtor signed a contract to purchase real property in North Fort Myers, Florida (the "Property") for $35,000.00. The Debtor made a $2,000.00 deposit

---

[2] Doc. No. 21, p. 8.
[3] Fortuitously, the Chapter 13 Trustee learned of the Inheritance because the Debtor's sister disclosed the receipt of her own inheritance in her own bankruptcy case.
[4] Doc. No. 26.
[5] Doc. No. 29.
[6] Doc. No. 31.
[7] Doc. No. 35.
[8] Doc. No. 36.

2

when she signed the contract. Shortly after her case was converted to a Chapter 7, the Debtor used a portion of the Inheritance to close on the sale of the Property.

The Chapter 7 Trustee filed the instant *Motion to Determine that Property Acquired Post-Petition is Property of the Bankruptcy Estate*.[9] The Court considered the arguments of counsel at the preliminary hearings conducted on September 19, 2013 and November 21, 2013, as well as the evidence admitted and arguments made at the final evidentiary hearing conducted on January 24, 2014. The Court has also considered the various filings of applicable authorities submitted by both parties.[10]

## Discussion

*The Debtor's Inheritance Was Property of Her Chapter 13 Bankruptcy Estate.*

Property of the estate under § 541(a) includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 541(a)(5)(A) excludes from property of the estate an inheritance that a debtor acquires or becomes entitled to acquire more than 180 days after the filing of the petition. However, § 1306(a)(1) supplements § 541 in Chapter 13 cases to include all property of the kind specified in § 541 that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code.[11] The relationship between §§ 541 and 1306 is such that § 1306 extends the 180-day period of § 541(a)(5) until such time as the case is closed, dismissed, or converted.[12]

In joining the majority of courts that have analyzed this issue, the Court expressly declines to follow the reasoning of those courts that espouse the minority view on which the Debtor relies.[13] The fact that the Debtor did not become entitled to acquire the Inheritance until her mother's death

---

[9] Doc. No. 56.
[10] Doc. Nos. 61, 62, 76, 77.
[11] *In re Carroll*, 2012 WL 5512356, *1 (Bankr. E.D.N.C. Nov. 14, 2012), *aff'd* 735 F.3d 147 (4th Cir. 2013).
[12] *In re Carroll* at *1 (citing *In re Zeitchik*, 2011 WL 5909279 (Bankr. E.D.N.C. Sept. 23, 2011)).
[13] *See, e.g., In re Key*, 465 B.R. 709 (Bankr. S.D. Ga. 2012).

3

(some ten months after the petition date), and that she did not actually receive the Inheritance until over two years after the petition date, does not exclude the Inheritance from the Debtor's estate because her Chapter 13 case was still pending on both of those dates. Therefore, the Inheritance was property of the Debtor's estate as of the date of conversion.

*The Debtor Did Not Convert Her Case to a Case under Chapter 13 in Bad Faith.*

Section 348 prescribes the effect of a conversion of a case from one chapter of the Bankruptcy Code to a case under another chapter. Section 348(f)(1)(A) states that except as provided for in paragraph (2), when a case under Chapter 13 is converted to a case under another chapter,

> [P]roperty of the estate in the converted case shall consist of property of the estate, as of the date of the filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion; . . . .

Paragraph (2) provides the exception to the general rule of § 348(f)(1)(A), stating

> If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion.

Because the Inheritance was not property of the estate as of the petition date, the Inheritance is property of the Debtor's Chapter 7 estate only if the Debtor converted her Chapter 13 case to a case under Chapter 7 in bad faith.

Certainly, a reasonable inference may be drawn that the Debtor converted her case from Chapter 13 to Chapter 7 for the specific purpose of avoiding the likelihood that the Court would find the Inheritance to be property of her Chapter 13 estate and that it needed to be made available to her creditors. And, the Debtor did not provide an alternative explanation for why she converted

her case. Instead, she simply argues that she had the statutory right to convert her case at any time under § 1307(a), and that merely exercising that right cannot, in itself, constitute bad faith.[14]

This raises the question: if it is not bad faith for a debtor to convert a case from Chapter 13 to Chapter 7 in order to retain possession of an asset that was acquired postpetition, then what would constitute bad faith? The court in *In re Sandoval* wrestled with this query and resolved the issue by analyzing the legislative history of § 348(f)(1)(A).[15] As *Sandoval* explains, Congress did not want to penalize debtors for their efforts to repay creditors through the Chapter 13 process should their repayment efforts ultimately prove unsuccessful.[16] That is why § 348(f)(1)(A) places debtors in the same economic position they would have occupied had they filed for Chapter 7 originally (*i.e.,* by excluding postpetition assets that they acquired during the pendency of the Chapter 13 case from the Chapter 7 estate upon conversion). Congress did, however, seek to deter debtors from abusing the bankruptcy process to the detriment of their creditors. And that is the purpose behind § 348(f)(2): to ensure that a fraudulent, deceptive, or dishonest debtor does not contravene the purpose or spirit of the Bankruptcy Code.[17]

With these complementary purposes in mind, it makes sense, as noted in *Sandoval*, that courts ought not to find bad faith where debtors cannot complete payments under their Chapter 13 plans due to a change in circumstances or financial hardship.[18] Nor should courts punish debtors by making findings of bad faith where debtors have converted their cases merely to take advantage of the statutory right to convert.[19] Instead, a finding of bad faith should be limited to a situation in which a debtor has deliberately abused the bankruptcy process, *e.g.,* by filing initially under Chapter

---

[14] *In re Wiczek-Spaulding*, 223 B.R. 538, 540 (Bankr. D. Minn. 1998) ("simply taking advantage of what the statute provides does not by itself amount to bad faith").
[15] 2005 WL 6960187 (B.A.P. 9th Cir. Aug. 3, 2005).
[16] *Id.* at *5 (citing *In re Fobber*, 256 B.R. 268, 277-78 (Bankr. E.D. Tenn. 2000)).
[17] *In re Siegfried*, 219 B.R. 581, 585 (Bankr. D. Colo. 1998).
[18] *In re Sandoval* at *5.
[19] *Id.*

13 with the intention to thereafter convert to Chapter 7 in order to shelter an asset that the debtor expects to acquire shortly after filing for bankruptcy.[20]

Here, the Debtor filed her Chapter 13 with the intent of completing her plan; she actually made 34 of her required 36 monthly plan payments. At the time she filed her Chapter 13 petition, the Debtor did not expect to receive the Inheritance. In fact, the Debtor's mother had not complained of any health issues until shortly before she died, and it is undisputed that her death was unexpected. Thus, the Debtor would have had no reason to believe that she would be entitled to the Inheritance, or that she would actually receive the Inheritance, within the 180-day period after the petition date.

Accordingly, the Debtor could not have intended to game the system when she filed her Chapter 13 petition. Therefore, consistent with the reasoning of *Sandoval*, the Court declines to find that the Debtor converted her case in bad faith. As a result, the Property and the Inheritance are not included in the Debtor's Chapter 7 estate.

For the foregoing reasons, it is

**ORDERED** that the Trustee's Motion is DENIED.

**Dated:** March 19, 2014

_____
Caryl E. Delano
United States Bankruptcy Judge

The Clerk of Court will serve this order via CM/ECF.

---

[20] *Id.* at *6.